UNITED STATES DISTRICT COURT

FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHNNY ANTHONY JIMENEZ § | | CIVIL ACTION NO: |
| § | | |
| *Plaintiff* § | | |
| § | | |
| v. § | | |
| § | | |
| NISSAN NORTH AMERICA, INC., § | | |
| VADEN NISSAN, INC., AND § | | |
| CAPITAL ONE AUTO FINANCE, INC. § | | JURY TRIAL REQUESTED |
| § | | |
| § | | |
| *Defendants* § | | |

## COMPLAINT

### I.  Parties

1.  Plaintiff, **JOHNNY ANTHONY JIMENEZ**, is an individual of the lawful age of majority and citizen of the State of California.

2.  Defendant, **NISSAN NORTH AMERICA, INC.**, hereinafter "NISSAN NORTH AMERICA," is a company authorized to do and doing business in the State of California whose agent for service of process is CSC-Lawyers Incorporating Service, at 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833.

3.  Defendant, **VADEN NISSAN, INC.,** hereinafter "VANDEN NISSAN," is a company authorized to do and doing business in the State of California whose agent for service of process is William T. Daniel, Jr. at 12020 Abercorn Street, Savannah, Georgia 31416

4.  Defendant, **CAPITAL ONE AUTO FINANCE, INC.**, hereinafter "CAPITAL

-1-

ONE", is a company authorized to do and doing business in the State of California whose agent for service of process is CSC-Lawyers Incorporating Service, at 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833.

## II.     Jurisdiction

5.      This Court has federal question jurisdiction over the lawsuit under the Magnuson-Moss Warranty Act pursuant to 15 USC § 2310(d); and 28 USC § 1331 in that the disputes involve predominant issues of federal law.  Declaratory relief is available pursuant to 28 USC §§ 2201 and 2202. The court has supplemental jurisdiction under 28 USC § 1367 over Plaintiff's state law claims because said claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution**.**

## III.    Venue

6.      Venue is proper in this district under 28 U.S.C. §1391(a)(3) because the Defendant is subject to personal jurisdiction in this district and there is no other district where the suit may be brought.

## IV.    Conditions Precedent

7.      All conditions precedents have been performed or have occurred.

## V.     Facts

### A.    The Transaction

8.      On May 31, 2012, Plaintiff purchased a new 2012 NISSAN PATHFINDER   VIN 5N1AR1NN2CC621971, hereinafter "PATHFINDER," from VANDEN NISSAN.    The PATHFINDER was purchased primarily for Plaintiff's personal use.   The sales contract was presented to Plaintiff at the dealership and was executed at the dealership.

9. The sales price of the PATHFINDER was $35,380.43. The total cost of the vehicle to Plaintiff including finance charges will be over $106,141.29.

10. The contract of sale was assigned to Defendant, CAPITAL ONE. The contract which was assigned contained the following provision:

> **"NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER."**

### B. Implied Warranties

11. As a result of the sale of the PATHFINDER by Defendants to Plaintiff, an implied warranty of merchantability arose in the transaction which included the guarantee that the PATHFINDER would pass without objection in the trade under the contract description; and that the PATHFINDER was fit for the ordinary purpose for which such motor vehicles are purchased.

12. Subsequent to the sale, an implied warranty arose in connection with the repairs performed by the Defendants. Specifically, the Defendants impliedly warranted that the repair work had been performed in a good and workmanlike manner.

### C. Express Warranties

13. In addition to the implied warranties that arose in the transaction, certain representations and express warranties were made, including, that any malfunction in the PATHFINDER occurring during a specified warranty period resulting from defects in material or workmanship would be repaired, and that repair work on the PATHFINDER had, in fact, repaired

the defects.

14. Plaintiff's purchase of the PATHFINDER was accompanied by express warranties offered by Defendant, NISSAN NORTH AMERICA, and extending to Plaintiff. These warranties were part of the basis of the bargain of Plaintiff's contract for purchase of the PATHFINDER.

15. The basic warranty covered any repairs or replacements needed during the warranty period due to defects in factory materials or workmanship. Any required adjustments would also be made during the basic coverage period. All warranty repairs and adjustments, including parts and labor, were to be made at no charge. Additional warranties were set forth in the NISSAN NORTH AMERICA's warranty booklet and owners manual.

### D. Actionable Conduct

16. In fact, when delivered, the PATHFINDER was defective in materials and workmanship, with such defects being discovered within the warranty periods. Many defective conditions have occurred since purchase, including, but not limited to: **DEFECTIVE RACK AND PINION; DEFECTIVE SEATBELT; DEFECTIVE POWER STEERING; DEFECTIVE LEFT AND RIGHT STRUTS; AND INTERIOR COSMETIC DEFECTS**.

17. Since purchase, Plaintiff have returned his PATHFINDER to Defendants and authorized warranty service dealers for repairs on numerous occasions. Despite this prolonged period during which Defendants were given the opportunity to repair the PATHFINDER, the more significant and dangerous conditions were not repaired. Defendants failed to repair the vehicle so as to bring it into conformity with the warranties set forth herein. From the date of its purchase, the PATHFINDER continues to this day to exhibit some or all of the non-conformities described herein.

18. The defects experienced by Plaintiff with the PATHFINDER substantially impaired

its use, value and safety.

19.     Plaintiff directly notified all Defendants and each of him of the defective conditions of the PATHFINDER on numerous occasions.  Plaintiff notified Defendants that they wanted a rescission of the sale of the PATHFINDER but Defendants have failed and refused to buy back Plaintiff' defective PATHFINDER.

20.     Since purchase, Plaintiff have returned his PATHFINDER to Defendants and authorized warranty service dealers for repairs on numerous occasions.  Despite this prolonged period during which Defendants were given the opportunity to repair the PATHFINDER, the more significant and dangerous conditions were not repaired.  Defendants failed to repair the vehicle so as to bring it into conformity with the warranties set forth herein.  From the date of its purchase, the PATHFINDER continues to this day to exhibit some or all of the non-conformities described herein.

21.     The defects experienced by Plaintiff with the PATHFINDER substantially impaired its use, value and safety.

22.     Plaintiff directly notified all Defendants and each of him of the defective conditions of the PATHFINDER on numerous occasions.  Plaintiff notified Defendants that they wanted a rescission of the sale of the PATHFINDER but Defendants have failed and refused to buy back Plaintiff' defective PATHFINDER.

### VI.     Causes of Action

**COUNT 1:   VIOLATIONS OF THE SONG-BEVERLY CONSUMER WARRANTY ACT, CIVIL CODE SECTION 1790 ET SEQ.**

23.     Plaintiff realleges and incorporates by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs.

24. The vehicle is a consumer good as defined under the Song-Beverly Consumer Warranty Act.

25. Plaintiff is a "purchaser" of consumer goods as defined under the Song-Beverly Consumer Warranty Act.

26. Defendant, NISSAN NORTH AMERICA, is a "manufacturer" and "distributor" as defined under the Song-Beverly Consumer Warranty Act.

27. The sale of the vehicle to Plaintiff was accompanied by an express written warranty.

28. The serious non-conformities have manifested themselves within the applicable express warranty period. The non-conformities substantially impair the use, value and or safety of the vehicle and or can cause serious bodily injury or death.

29. Plaintiff brought the vehicle to VANDEN NISSAN, an authorized repair facility, for repairs on numerous occasions in attempts to have the existing express warranties satisfied.

30. Defendants have not repaired the non-conformities after a reasonable number of attempts and, as such, have failed to comply with and have breached all applicable warranty requirements.

31. Further, the sale of the vehicle to Plaintiff was accompanied by implied warranties that the vehicle was merchantable and fit for a particular use.

32. Defendants have breached the implied warranties of merchantability and fitness for a particular use because the vehicle when sold would not pass without objection in the trade.

33. Despite their breach of the express and implied warranties, Defendants have refused plaintiff's demand for a refund or replacement.

34. By failure of Defendants to remedy the defects as alleged above, or to issue a refund

or replacement, Defendants are in breach of their obligations under the Song-Beverly Consumer Warranty Act.

35. Defendants' continuing breach of their obligations as set forth herein is willful pursuant to the Song-Beverly Consumer Warranty Act and as such, Defendants and each of them are liable to Plaintiff for civil penalties in an amount as set forth below.

36. Plaintiff is entitled to recover a sum equal to the aggregate amount of costs and expenses, including attorney's fees, if Plaintiff prevails.  As a proximate result of Defendants' misconduct as alleged herein, and in an effort to protect his rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiff to employ the legal services of Richard C. Dalton.  Plaintiff has incurred and continue to incur legal fees, costs and expenses in connection therewith.

**COUNT 2:    LENDER LIABILITY**

37. Plaintiff realleges and incorporate by reference herein each and every allegation set forth in the preceding paragraphs.

38. Plaintiff is indebted to CAPITAL ONE as a result of his purchase of the PATHFINDER.  Plaintiff is entitled to assert all claims and defenses stated above against Lender as a defense to the debt.

**COUNT 3:    VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT**

39. Plaintiff realleges and incorporates by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs.

40. Plaintiff is a "consumer" as defined in the Magnuson-Moss Warranty Act (hereinafter "Warranty Act"), 15 U.S.C. § 2301(3).

41. Defendants NISSAN NORTH AMERICA and VANDEN NISSAN are "suppliers" and "warrantors" as defined in the Warranty Act, 15 U.S.C. § 2310(4) and (5).

42. The PATHFINDER hereinabove described is a "consumer product" as defined in the Warranty Act, 15 U.S.C. § 2301(l), because it is normally used for personal purposes and Plaintiff in fact purchased it wholly or primarily for personal use.

43. The express warranties more fully described hereinabove pertaining to the PATHFINDER is a "written warranty" as defined in the Warranty Act, 15 U.S.C. § 2301(6).

44. The actions of Defendants and each of them as hereinabove described, in failing to tender the PATHFINDER to Plaintiff free of defects and refusing to repair or replace the defective PATHFINDER tendered to Plaintiff constitute a breach of the written and implied warranties covering the PATHFINDER and hence a violation of the Magnuson-Moss Warranty Act.

45. Plaintiff has performed all things agreed to and required of them under the purchase agreement and warranty, except as may have been excused or prevented by the conduct of Defendants as herein alleged.

46. As a direct and proximate result of the acts and omissions of Defendants and each of them as set forth hereinabove, Plaintiff have been damaged hereinabove in an amount in excess of $106,141.29 according to proof at trial.

47. Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(2), Plaintiff is entitled to recover as part of the judgment, costs and expenses of the suit including attorney's fees based on actual time expended. As a proximate result of the misconduct of Defendants as alleged herein, and in an effort to protect their rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiff to employ the legal services of

Richard C. Dalton. Plaintiff has incurred and continue to incur legal fees, costs and expenses in connection therewith.

**COUNT 4: BREACH OF EXPRESS WARRANTIES**

48. Plaintiff realleges and incorporates by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs.

49. Th Defendants' advertisements and statements in written promotional and other materials contained broad claims amounting to a warranty that Plaintiff's PATHFINDER or those similarly situated were free from inherent risk of failure or latent defects. In addition, the Defendants issued an expressed written warranty which covered the PATHFINDER and warranted that the PATHFINDER was free of defects in materials and work quality at the time of delivery.

50. As alleged above, the Defendants breached its warranties by offering for sale, and selling as safe to Plaintiff, an PATHFINDER that was latently defective, unsafe, and likely to cause economic loss to Plaintiff.

51. In breach of the foregoing warranties, the Defendants have failed to correct said defects.

52. The damages Plaintiff has suffered are a direct and proximate result of Defendants' actions in this matter include, but are not limited to, diminution in value of the vehicle; costs of repairs; expenses associated with returning the vehicle for repeated repair attempts; loss of wages; loss of use; damages; and attorney fees.

**COUNT 5: BREACH OF IMPLIED WARRANTIES**

53. Plaintiff realleges and incorporates herein by reference each and every allegation set forth in the preceding paragraphs.

54. The Defendants impliedly warranted that Plaintiff' PATHFINDER, which it designed, manufactured, and sold, were merchantable and fit and safe for their ordinary use, not otherwise injurious to consumers, and would come with adequate safety warnings.

55. Any purported limitation of the duration of the implied warranties contained in the written warranties given by Defendants is unreasonable and unconscionable and void under the principles of estoppel, because Defendants knew the defects existed and might not be discovered, if at all, until the PATHFINDER had been driven for a period longer than the period of the written warranty, and Defendants willfully withheld information about the defects from Plaintiff.

56. Because of the defects, Plaintiff's PATHFINDER is unsafe and unfit for use and has caused economic loss to the Plaintiff. Therefore, the Defendants breached the implied warranty of merchantability.

57. The damages Plaintiff has suffered are a direct and proximate result of Defendants' actions in this matter include, but are not limited to, diminution in value of the vehicle; costs of repairs; expenses associated with returning the vehicle for repeated repair attempts; loss of wages; loss of use; damages; and attorney fees.

**COUNT 6: NEGLIGENCE AND NEGLIGENT MISREPRESENTATION**

58. The Defendants had a duty to Plaintiff to provide a product reasonably safe in design and manufacture, warn of dangerous defects, disclose adverse material facts when making representations of fact to Plaintiff and correct products which are defective.

59. The Defendants breached their duty of reasonably care and duty to disclose material adverse facts to Plaintiff by the following acts and omissions:

    a. Failure to design and manufacture a PATHFINDER that did not harbor the defects alleged herein;

-10-

    b.    Failure to notify Plaintiff of the dangerous and defective condition of the PATHFINDER when Defendants knew or should have known of the dangerous and defective condition;

    c.    Failure to fulfill its duty to disclose the material adverse facts as set forth above and otherwise failing to exercise due care under the circumstances; and

    d.    Failure to repair the PATHFINDER in accordance with the express and implied warranties.

60.    The damages Plaintiff has suffered are a direct and proximate result of Defendants' actions in this matter include, but are not limited to, diminution in value of the vehicle; costs of repairs; expenses associated with returning the vehicle for repeated repair attempts; loss of wages; loss of use; damages; and attorney fees.

### COUNT 7:    BREACH OF CONTRACT

61.    Plaintiff realleges and incorporates herein by reference each and every allegation set forth in the preceding paragraphs.

62.    Plaintiff would show that the actions and/or omissions of Defendants described herein above constitute breach of contract, which proximately caused the direct and consequential damages to Plaintiff described herein below, and for which Plaintiff hereby sues.

63.    The damages Plaintiff has suffered are a direct and proximate result of Defendants' actions in this matter include, but are not limited to, diminution in value of the vehicle; costs of repairs; expenses associated with returning the vehicle for repeated repair attempts; loss of wages; loss of use; damages; and attorney fees.

### COUNT 8:    NEGLIGENT REPAIR

64.    Plaintiff realleges and incorporates herein by reference each and every allegation set forth in the preceding paragraphs.  For purposes of this cause of action, the word "Defendants"

refers to NISSAN NORTH AMERICA and VANDEN NISSAN.

65. On numerous occasions, Plaintiff delivered the PATHFINDER to NISSAN NORTH AMERICA and VANDEN NISSAN for repairs of the defective conditions covered under the express and implied warranties set forth hereinabove.

66. On each occasion that Plaintiff returned the PATHFINDER for repairs, Plaintiff is informed and believe, and thereupon allege, that Defendants, NISSAN NORTH AMERICA and VANDEN NISSAN, attempted repairs of the PATHFINDER pursuant to their obligations under the express and implied warranties. Defendants owed a duty of care to Plaintiff to perform repairs on the PATHFINDER in a good and workmanlike manner within a reasonable time. These Defendants breached this duty.

67. Defendants' attempted repairs of Plaintiff' PATHFINDER were done so negligently, carelessly, and recklessly as to substantially impair the PATHFINDER's use, value, and safety in its operation and use. At no repair attempt was Plaintiff's PATHFINDER fully and completely repaired by Defendants, nor were many of the conditions of which Plaintiff complained fixed or significantly improved by Defendants' attempts at repair. Nonetheless, each time Plaintiff picked up the vehicle after Defendants' repair attempts, Defendants represented to Plaintiff that the repairs were complete, and Plaintiff relied thereon.

68. As a direct and proximate result of defendant's negligent failure to repair the PATHFINDER within a reasonable time or within a reasonable number of attempts, Plaintiff was forced to drive a defective and dangerous PATHFINDER in conducting their daily activities. As a further direct and proximate result of Defendants' failure to repair the PATHFINDER in a timely and workmanlike fashion, Plaintiff were forced repeatedly to take the PATHFINDER in for further repair

attempts and to leave the PATHFINDER for long periods of time at great inconvenience to themselves, and Plaintiff sustained actual damages.

69. The damages Plaintiff has suffered are a direct and proximate result of Defendants' actions in this matter include, but are not limited to, diminution in value of the vehicle; costs of repairs; expenses associated with returning the vehicle for repeated repair attempts; loss of wages; loss of use; damages; attorney fees and damages to Plaintiff' health and well-being in the form of emotional distress.

### VII. Economic and Actual Damages

70. Plaintiff sustained the following economic and actual damages as a result of the actions and/or omissions of Defendants described herein above:

    a.. Out of pocket expenses, including but not limited to the money paid towards the note securing the vehicle;

    b. Loss of use;

    c. Loss of the "benefit of the bargain";

    d. Diminished or reduced market value; and

    e. Costs of repairs.

### VIII. Damages for Civil Penalties

71. Plaintiff would further show false, misleading and deceptive acts, practices and/or omissions described herein above were committed willful pursuant to the Song-Beverly Consumer Warranty Act and as such, Defendants and each of them are liable to Plaintiff for civil penalties in an amount as set forth below.

72. As a result of such acts, practices and /or omissions, Plaintiff sustained a high degree of mental pain and distress of such nature, duration and severity that would permit the recovery of

damages for mental anguish pursuant to Song-Beverly Consumer Warranty Act, and for which Plaintiff hereby sues for a civil penalty in an amount of two times plaintiff's actual damages

### IX.     Request for Rescission

73.     Plaintiff seeks a damages remedy as an alternative to the remedy of rescission which is requested in the following paragraph.

74.     Plaintiff revokes his acceptance of the PATHFINDER for the reason that its defects substantially impair its value to Plaintiff and acceptance was based on Plaintiff's reasonable reliance on the false representations and warranties of Defendants that the defects in the PATHFINDER would be repaired. Accordingly, Plaintiff seeks a cancellation of the automobile purchase transaction and an order of the court restoring to him the money obtained by Defendants as a result of the false representations and breaches of warranty set forth above. Plaintiff also seeks cancellation of the debt and now offers to return the automobile to Defendants. In this connection, Plaintiff will provide Defendants a credit for the impaired use of the PATHFINDER, for the time that Plaintiff was able to use it.

### X.     Attorney Fees and Costs

75.     Plaintiff is entitled to recover as part of the judgment, costs and expenses of the suit including attorney's fees based on actual time expended. As a proximate result of the misconduct of Defendants as alleged herein, and in an effort to protect their rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiff to employ the legal services of Richard C. Dalton. Plaintiff has incurred and continue to incur legal fees, costs and expenses in connection therewith.

## XI. Prayer

76. For these reasons, Plaintiff prays for judgment against the Defendants for the following:

    a. For general, special and actual damages according to proof at trial;

    b. Rescinding the sale of the 2012 NISSAN PATHFINDER VIN 5N1AR1NN2CC621971and returning to Plaintiff the purchase price including all collateral costs at the time of the sale, any and all finance charges, insurance premiums, maintenance costs, repair costs, and damages;

    c. For incidental and consequential damages according to proof at trial;

    d. Out of pocket damages for expenditures related to any cost of repairs, deductibles; and towing charges.

    e. Any diminution in value of the PATHFINDER attributable to the defects;

    f. Past and future economic losses;

    g. Prejudgment and post-judgment interest;

    h. Damages for loss of use of vehicle;

    I. Civil Penalties and/or Punitive damages;

    j. Damages for mental anguish;

    k. Attorney fees;

    l. Costs of suit, expert fees and litigation expenses; and

    m All other relief this Honorable Court deems appropriate.

## XIII. Demand for Jury Trial

77. Plaintiff hereby demands trial by jury to the extent authorized by law.

RESPECTFULLY SUBMITTED:

BY: /s/ *Richard C. Dalton*
Richard C. Dalton
Texas Bar No. 24033539
Louisiana Bar No. 23017
California Bar No. 268598
1343 West Causeway Approach
Mandeville, California 70471
E-mail: rdalton746@aol.com
Tel. (985) 778-2215
Fax: (985) 778-2233

ATTORNEY FOR PLAINTIFF